UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CALVIN HUNT,

    Plaintiff,                                 No. 17-14095

v.                                          District Judge Matthew F. Leitman
                                                   Magistrate Judge R. Steven Whalen

WALMART STORE, INC., ET AL.,

    Defendants.
_____/

**OPINION AND ORDER**

Plaintiff William Calvin Hunt, a prison inmate in the custody of the Michigan Department of Corrections, has filed a *pro se* civil complaint naming as Defendants Walmart Store, Inc. and two of its employees (the "Walmart Defendants"), as well as Kenneth Toney, a Van Buren Township police officer. Before the Court is a Motion for More Definite Statement filed by the Walmart Defendants [Doc. #9].

Fed.R.Civ.P. 12(e) provides as follows, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

In assessing the present motion, two ostensibly competing principles come into play. First, *pro se* litigants are not held to the standard of practicing attorneys, and their pleadings are to be construed liberally. See *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir.2000) (pro se pleadings are held

to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Secondly, however, even a pro se litigant must comply with Fed.R.Civ.P 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for pro se litigants. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). A court "should not have to guess at the nature of the claim asserted."

The Walmart Defendants summarize their position as follows:

> "The motion was made necessary because of the nature of the Complaint, which is convoluted, disjointed, partly in narrative form and in part numbered paragraphs and with vague references to 'action under state law.' This suggests, but does [not] clearly invoke a possible civil rights violation triggering this Court's jurisdiction." *Brief in Support of Motion* [Doc. #9], Pg. ID 50.

While the Plaintiff does ramble a bit, and while his complaint does not strictly comply with the "numbered paragraph" format described in Fed.R.Civ.P 10(b), it does set forth cognizable claims, including a federal question claim under 42 U.S.C. § 1983, and is not so "vague and ambiguous" that it is unanswerable.[1]

First, as to the basis for federal question jurisdiction, Mr. Hunt alleges that the Detective (Defendant Toney) acted under the color of state law in arresting him for retail

---

[1] Mr. Hunt recognizes that he lacks legal sophistication, stating in the first paragraph of his Complaint, "I hope that the court construes the complaint liberally, and I do appologize (sic) profushisly (sic) for the inartfully (sic) pleading."

fraud based on evidence that was fabricated by Walmart employees, and that all of the Defendants acted in concert. Throughout his complaint, he alleges "malicious prosecution" and "false arrest." In terms of § 1983, a claim of false arrest is based on the Fourth Amendment, which in turn depends on a finding that there was no probable cause for the arrest. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). The issue of probable cause is also central to the state law claims of false arrest and malicious prosecution. *Tope v. Howe*, 179 Mich. App. 91, 105, 445 N.W.2d 452 (1989)(probable cause is an element of a false arrest claim); *Matthews v. Blue Cross Blue Shield of Michigan*, 456 Mich. 365, 378, 572 N.W.2d 603 (1998)(probable cause is an element of a malicious prosecution claim). I also note that Defendant Detective Toney, against whom Plaintiff has asserted a claim under § 1983, has filed an answer to the complaint, with affirmative defenses [Doc. #12].

As to the state law claims, the complaint makes clear that Mr. Hunt is asserting claims of false arrest, false imprisonment, and malicious prosecution, based on the Walmart employees providing false information to the police ("the Defendants making and giving false information, statement and reports, that did bring about a false arrest and false imprisonment, along with the malicious prosecution against the plaintiff").[2]

"Motions for more definite statements are disfavored, and should be granted 'only if there is a major ambiguity or omission in the complaint that renders it unanswerable.'" *In re Flint Water Cases*, 2018 WL 3648044, at *11 (E.D. Mich. Aug. 1, 2018), quoting *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988). Fairly read and liberally construed, Mr. Hunt's complaint asserts the following claims: (1) Fourth Amendment

---

[2] Attached to the complaint [Doc. #1, Pg. ID 14] is a Wayne County Circuit Court order of dismissal with prejudice of the first degree retail fraud charge against Plaintiff.

improper arrest under § 1983, against Defendant Toney; (2) State law claims of false arrest, false imprisonment, and malicious prosecution against all Defendants.

These claims may or may not be subject to dismissal under Fed.R.Civ.P. 12(b)(6), and Defendants may file a Rule 12(b)(6) motion in lieu of an answer if they believe such motion to be supportable. However, the complaint is sufficiently clear that an order for a more definite statement is not warranted.

Accordingly, Defendants' Motion for More Definite Statement [Doc. #9] is DENIED.

The Walmart Defendants will file a responsive pleading, or a motion to dismiss in lieu of an answer, within 30 days of the date of this Order.

IT IS SO ORDERED.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2018

### CERTIFICATE OF SERVICE

I hereby certify on October 30, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 30, 2018.

s/Carolyn Ciesla  
Case Manager to  
Magistrate Judge R. Steven Whalen