UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CALVIN HUNT,

    Plaintiff,                                No. 17-14095

v.                                          District Judge Matthew F. Leitman
                                               Magistrate Judge R. Steven Whalen

WALMART STORE, INC., ET AL.,

    Defendants.
_____/

**OPINION AND ORDER**

Plaintiff William Calvin Hunt, a prison inmate in the custody of the Michigan Department of Corrections, has filed a *pro se* civil complaint naming as Defendants Walmart Store, Inc. and two of its employees (the "Walmart Defendants"), as well as Kenneth Toney, a Van Buren Township police officer. Before the Court is a Defendant Toney's Motion to Compel More Specific Answers to Defendant Toney's First Set of Interrogatories and Request for Production of Documents [Doc. #24]. For the reasons discussed below, the motion will be GRANTED IN PART AND DENIED IN PART.

Defendant's interrogatories are set forth in Exhibit A to his motion. Plaintiff's response to the interrogatories, set forth in Exhibit B, states "that the request(s) are overly broad, and don't seem limited to the claim I filed and should be drafted to be limited to the claim." In his response to this motion [Doc. #29], Plaintiff, noting that he is a prison inmate, also states, "I do not have or possess any documents with the exception of anything that I've received from the District Court or the attorneys and what I've already provided in the claim filed in this case." He also points out that in his complaint, he sought damages for emotional distress, but not for physical injury.

Both parties acknowledge the broad scope of discovery envisioned by Rule 26 of the Federal Rules of Civil Procedure. *See Lewis v. ACB Bus. Servs.*, 135 F. 3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Of course, broad discovery does not mean unlimited discovery, and discovery requests must still be relevant to the claims and defenses in a lawsuit. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Many of Defendant's discovery requests are clearly relevant, including basic biographical information such as name, address, occupation, etc., *see* Interrogatory #1, #3; Plaintiff's criminal history (relevant to possible impeachment under Fed.R.Civ.P. 608(b)), *see* Interrogatory #2; and information related to damages for emotional distress, *see* Interrogatory #9, #10, #11. However, Plaintiff is correct that certain interrogatories seek information not relevant to his claims. The following interrogatories are irrelevant/overly broad, even under the expansive scope of discovery contemplated by Rule 26: Interrogatories # 4 ( c ) and (d) (physical medical examinations in the context of prior employment); #8 (physical complaints related to the incident). As shown by both Plaintiff's complaint and his response to the present motion, he does not claim excessive force, or that he suffered any physical or medical issues as the result of what he claims was his false arrest. Rather, he seeks only emotional damages. Therefore, any information related strictly to his physical condition or physical/medical treatment he has received is irrelevant. In this regard, Interrogatories #9, #12, and #21 are appropriate only to the extent they relate to psychiatric or psychological treatment.

In terms of Defendant's request for production of documents, I note that although he has attached to his motion a copy of the interrogatories as Exhibit A, he has not provided a copy of his document requests, as required by E.D. Mich. L.R. 37.2:

> "Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motions."

It is difficult if not impossible for the Court to address a motion to compel where the requesting party has not complied with this Rule. "Rule 37.2 is not a mere technicality. The Court cannot address a motion to compel without knowing: (1) the date on which the requests were served, (2) that the requests were served on the proper person(s), (3) the exact language of the requests, and (4) the opponent's responses and objections to the requests." *Davis-Bey v. City of Warren*, 2017 WL 6523645, at *3 (E.D. Mich. 2017). In addition, Plaintiff, a prison inmate, states that he does not possess, nor does he have access to many documents.[1] In his response [Doc. #29], he does indicate that he will, on request, provide releases for any mental health information.

Therefore, Defendant's motion to compel [Doc. #24] is GRANTED IN PART AND DENIED IN PART, as follows:

As to Interrogatory #s 4( c ) and (d); and 8, the motion is DENIED.

As to Interrogatory #s 9, 12, and 21, the motion is GRANTED only to the extent

---

[1] Plaintiff states that he does not have access to certain prison records under MDOC policy. Since Defendant has not provided his discovery requests, the Court does not know which, if any, MDOC documents were requested. If, however, Defendant seeks MDOC records related to treatment or counseling for emotional or psychological issues, he may properly request the Plaintiff sign a release so that the records may be obtained directly from the MDOC. Or, in the alternative, Plaintiff does have a right to obtain a copy of his own prison medical records, *see* MDOC Policy Directive 03.04.108, ¶ S (Jan. 17, 2011), and he has a right to obtain copies under federal law as well, *see* 45 C.F.R. § 164.524.

they relate to psychiatric or psychological treatment.

As to the document requests, the motion is DENIED without prejudice to Defendant submitting requests otherwise consistent with this Order. Plaintiff is reminded that if he does not possess or have access to any requested document, he must so indicate in his response to the request.

As to all other interrogatories, the motion to compel is GRANTED, and Plaintiff must respond to those interrogatories within 30 days of the date of this Order.

IT IS SO ORDERED.

                                      s/R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: March 6, 2019

---

### CERTIFICATE OF SERVICE

I hereby certify on March 6, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on March 6, 2019.

                                      s/Carolyn M. Ciesla
                                      Case Manager for the
                                      Honorable R. Steven Whalen