UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CALVIN HUNT,

    Plaintiff,

v.

    No. 17-14095

    District Judge Matthew F. Leitman
    Magistrate Judge R. Steven Whalen

WALMART STORE, INC., ET AL.,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION

On December 19, 2017, Plaintiff William Calvin Hunt, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, naming as Defendants Kenneth Toney ("Defendant Toney"), a Van Buren Township Police Detective as well as Walmart Store, Inc. ("Walmart"), Martez Bostic ("Defendant Bostic"), and Milton O'Neal ("Defendant O'Neal") (collectively "Walmart Defendants"). Before the Court are separate motions for summary judgment, both filed on August 1, 2019, by Defendant Toney [Doc. #36] and Walmart Defendants [Doc. #37] which have been referred for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, I recommend that both motions be GRANTED and that all Defendants be DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

Plaintiff, currently in the custody of the Michigan Department of Corrections ("MDOC") at the Central Michigan Correctional Facility ("STF") in St. Louis, Michigan, filed suit on December 19, 2017 alleging violations of 42 U.S.C. § 1983, including false arrest, unlawful imprisonment, and malicious prosecution, as well as the state law claims of gross negligence, negligence, and conspiracy in connection with his January, 2016 arrest for shoplifting.

Plaintiff alleges that on January 6, 2016,[1] Defendant Bostic, an "asset protection" employee for Defendant Walmart placed a call to the Van Buren Township police department stating that there was a retail fraud in progress.  *Complaint* at ¶ 1.  The same day, Plaintiff was arrested for retail fraud.  *Id.* at ¶ 2.  On March 14, 2016, he "accepted total responsibility" for the retail fraud and was sentenced.  *Id.* at ¶ 7.  In August, 2016, Plaintiff was arrested by Van Buren Township police officers for first degree retail fraud, was arraigned, and was held overnight in the Wayne County Jail.  *Id.* at ¶ 8.  Plaintiff alleges, in effect, that the August, 2016 arrest was based on a charge (later dismissed) that resulted from Walmart Defendants and Defendant Toney's improper conflation of the events of January, 6, 2016 and another unrelated retail fraud incident against Walmart occurring on January 3, 2016.  *Id.* at ¶¶ 18-29.  Plaintiff seeks monetary damages.

---

[1]Defendant Toney notes that retail fraud in question actually occurred in the early hours of January 5, 2016.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at

252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

**A. Defendant Toney's Motion for Summary Judgment [Docket #36]**

By way of background, Defendant Toney, a Van Buren Township Police Detective, notes that on December 31, 2015 and January 2nd, 3rd, and 5th, 2016, retail thefts occurred at the Walmart store where Plaintiff was arrested in the act of retail theft on January 5. *Defendant Toney's Exhibit B,* (ECF No. 36-2, PageID.292.)((ECF No. 36-3, PageID.295). Defendant notes that the thefts leading up to and including Plaintiff's admitted theft of January 5, 2016 were all committed in a similar manner. The suspect in each case, observed on the surveillance camera in the early hours of the morning, placed multiple bottles of liquor in a shopping cart, left the sales floor to a back room, and from there, exited the store via a fire exit. *Id.* In all incidents before the night of the arrest, the perpetrator was picked up by another individual in a waiting car.

On January 5, 2016 Plaintiff was arrested in the Walmart parking lot as he was entering a car on the passenger side. *Defendant Toney's Brief* at 3, *Toney's Exhibit D* (ECF No. 36-4, PageID.297, 303). Van Buren Township Police Officers Christopoher Fey and Eric Cougherty performed a LIEN search, which revealed several outstanding warrants, including a violation of parole following a shoplifting conviction. *Id.* An individual seen "meeting up" with Plaintiff at some point on the sales floor prior to the arrest was also arrested (Steven O'Brien Nealy ("Nealy")) as he was headed in the direction of the same car where Plaintiff was arrested. *Id.* A LIEN search revealed several outstanding warrants for Nealy. *Id.* The officers also arrested Mercedes Markell Houston ("Houston"), believed to

be involved in one of the earlier thefts of the store, as she was exiting the store.  A LIEN check on Houston revealed multiple outstanding warrants.  *Id.*  Defendants O'Neil and Bostic, both asset protection employees for Walmart, described Plaintiff and his conspirators' actions leading up to the arrest.  *Id., Defendant Toney's Brief* at 4. (ECF No. 36-4, PageID.297).

The day of the January 5th arrest, Defendant Toney reviewed the reports of the arresting officers, and then completed a felony warrant recommendation.  ECF No. 36-4, PageID.311).  Two days later, the Wayne County Prosecutor's Office issued a single count felony warrant for retail fraud as to both Plaintiff and Nealy, regarding the January 5th incident.  *Id.*  A preliminary examination was held on February 10, 2016, at which Defendant Bostic testified.  *Defendant Toney's Exhibit I*  (ECF No. 36-9, PageID.338).

On January 6, 2016, Defendant Bostic identified Plaintiff and Houston as the two suspects involved in an earlier retail theft that occurred on January 3, 2016.  (ECF No. 36-9, PageID.339).  Defendant Bostic's statement was taken by a Van Buren Township Police Officer.  *Id.*  Based on an inventory, it was determined that approximately $986.74 in merchandise was taken during the January 3, 2016 incident.  *Id.*  After reviewing Bostic's statement and the officer's report, Defendant Toney submitted a felony warrant recommendation for both Plaintiff and Houston regarding the January 3rd incident, which the Wayne County Prosecutor's Office approved as to Plaintiff but denied as to Houston. *Toney's Exhibits* PageID.346).  A Complaint for the January 3, 2016 theft was executed on July 20, 2016 for Plaintiff's alleged theft of January 3, 2016.  *Defendant Toney's Exhibits K-L* (ECF No. 36-11, PageID.346).  A complaint for the January 3, 2016 theft was signed on July 20, 2016.  *Toney's Exhibit M*  (ECF No. 36-13, PageID.553).  Plaintiff was picked up on the warrant on August 23, 2016.  *Defendant Toney's Exhibit N* (ECF No. 36-14,

PageID.356). Plaintiff was released on bond approximately 24 hours after his arrest. *Defendant Toney's Exhibit R, Plaintiff's Deposition* (ECF No. 36-18, PageID.382). Plaintiff states that the charges were dismissed in December, 2016 because "the judge told the prosecutor, you need to go get some different paperwork. This is not . . . going to be . . . a charge." *Plaintiff's Deposition* (ECF No. 36-18, PageID.396). Defendant notes that at the time of the dismissal, Plaintiff was already incarcerated in Oakland County Jail on a separate, unrelated charge for retail fraud arising out of a September 23, 2016 incident for which Plaintiff was later found guilty by a jury. *Defendant Toney's Exhibit O* (ECF No. 36-15, PageID.353). Defendant Toney notes that "the charge" pertaining to the January 3, 2016 retail theft " was dismissed, not for lack of evidence," but because Plaintiff was already charged with a subsequent retail fraud and jailed in another county. (ECF No. 36, PageID.245).

### 1. Fourth Amendment Claims of False Arrest, Unlawful Imprisonment, and Malicious Prosecution

Under § 1983, a claim of false arrest is based on the Fourth Amendment, which in turn depends on a finding that there was no probable cause for the arrest. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). "Probable cause exists when there is 'reasonably trustworthy information' that is 'sufficient to warrant a prudent man' in believing that the person being arrested had committed or was committing an offense." *Galinis v. County of Branch*, 660 Fed.Appx. 350, 353 (6th Cir. August 22, 2016)(*quoting Gardenhire v. Schubert*, 205 F.3d 303, 317 (6th Cir. 2000). The claim of unlawful imprisonment likewise requires a finding of no probable cause. *See Simmons v. City of Detroit*, 2008 WL 4457779, at *2 (E.D.Mich. September 30, 2008) (plaintiff "forfeited" unlawful imprisonment claim "by failing to contest that [defendant] acted with probable cause"). "To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the

Fourth Amendment, a plaintiff must prove . . . that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute."*Sykes v. Anderson,* 625 F.3d 294, 308 (6th Cir. Mich.).  To make out a case of malicious prosecution under the Fourth Amendment, the plaintiff must show that the "police officer violate[d] those restrictions . . . when his deliberate or reckless falsehoods result[ed] in arrest and prosecution without probable cause." *Newman v. Township of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014).

The claims pertaining to Plaintiff's August, 23, 2016 arrest (regarding the January 3rd incident) brought against Defendant Toney are defeated by the inability to show a lack of probable cause.  As a threshold matter, "[a]n arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Vyticky v. Village of Timberlake, Ohio,* 412 F.3d 669, 677 (6th Cir. 2005).  The August 23, 2016 arrest for the retail theft of January 3, 2016 was made pursuant to a facially valid criminal complaint.  *Defendant Toney's Exhibit M* (ECF No. 36-13, PageID.353).

To be sure, the arrest warrant does not serve as a complete defense in the instance that "a defendant intentionally mislead or intentionally omitted information at a probable cause hearing for an arrest or a search warrant, provided that the misleading or omitted information is critical to the finding of probable cause." *Voyticky*, 412 F.3d at 677 fn. 4.  However, Plaintiff provides no evidence to show that Defendant Toney mislead or omitted information in preparing the request for warrant recommendation.  The warrant recommendation states that Defendant Bostic observed video surveillance showing  male and female subjects committing a retail theft on January 3, 2016 in a manner similar to Plaintiff's acknowledged retail theft occurring two days later.  *Defendant Toney's Exhibit K* (ECF No. 36-11,

PageID.347). Moreover, while the warrant application contains a truncated summary of Defendant Bostic's statement, Defendant Bostic's actual statement includes his identification of Plaintiff as the perpetrator of the January 3, 2016 crime. *Defendant Toney's Exhibit C* (ECF No. 36-3, PageID.295).

While Plaintiff seeks to undermine Defendant Bostic's credibility, Defendant Toney's reliance on Defendant Bostic's statement that he saw Plaintiff commit the January 3, 2016 retail fraud via closed circuit television ("CCTV") footage constitutes probable cause for the arrest - even allowing for the possibility that Bostic's identification was incorrect. In *Boykin v. Van Buren Township,* 479 F.3d 444 (6th Cir. 2007), the Court affirmed the district court's conclusion that the defendant officers had probable cause to make a retail fraud arrest despite that the arrest was made based on an erroneous report of an employee. Defendants "cannot be held liable - at least not on grounds of unconstitutionally arresting an individual without probable cause - for an error . . . wholly attributable to Meijer employees." *Id.* at 450. Defendant Toney's warrant application was based on Defendant Bostic's statement that (1) the perpetrator of the January 3, 2016 retail fraud was the same individual who committed the January 5, 2016 retail fraud resulting in Plaintiff's arrest and, (2) the retail fraud was perpetrated in a manner similar to the January 5, 2016 event. "'Once the officer establishes probable cause, he or she is under no obligation to continue investigating and may instead pursue the arrest of a suspect.'" *Id.* at 449 (*quoting Crockett v. Cumberland College*, 316 F.3d 571, 581 (6th Cir.2003)). For the same reasons, as to the claim of malicious prosecution Plaintiff cannot show that Defendant Toney made "deliberate or reckless falsehoods" or that the information in the warrant application "result[ed] in arrest and prosecution without probable cause." *Newman*, *supra,* 773 F.3d at 772.

Because Plaintiff cannot show a constitutional violation by Defendant Toney, his claims are also barred by qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In determining whether claims are barred by qualified immunity, the courts consider (1) whether the defendant violated a constitutional right, and (2) whether the right was clearly established to the extent that a reasonable person in the defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). *See also Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 812, 172 L.Ed.2d 565 (2009). In the absence of a constitutional violation, the court need not determine whether Defendant Toney's actions were reasonable or whether the right in question was "clearly established." *Dunigan v. Noble*, 390 F.3d 486, 495 (6th Cir. 2004).

**2. State Claims of False Arrest, Unlawful Imprisonment and Malicious Prosecution**

The issue of probable cause is also central to the state law claims of false arrest, unlawful imprisonment, and malicious prosecution to the extent that the Complaint can be construed to include them. *Tope v. Howe*, 179 Mich. App. 91, 105, 445 N.W.2d 452 (1989)(lack of probable cause is an element of a false arrest claim). "Unlawful" or "false arrest" is synonymous with false (unlawful) imprisonment "where one confines another claiming to have legal authority." *McCune v. Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988)(plaintiff must show lack of probable cause for a false imprisonment claim); *Matthews v. Blue Cross Blue Shield of Michigan*, 456 Mich. 365, 378, 572 N.W.2d 603

(1998)(probable cause is an element of a malicious prosecution claim). A malicious prosecution claims under both federal and Michigan law requires a finding of "no probable cause for the criminal prosecution." *Davis v. Gallagher*, --- F.3d --- 2020 WL 962304, at *3 (6th Cir. 2020). As discussed above, Plaintiff's inability to establish the absence of probable cause for his August, 2016 arrest defeats both Fourth Amendment and parallel state law claims. After preparing the warrant application for the retail theft occurring on January 3, 2016, Defendant Toney did not participate in Plaintiff's criminal prosecution.

### 3. Gross Negligence and Conspiracy

For the same reasons, Plaintiff cannot establish the allegations of gross negligence under Michigan law. "'Gross negligence' means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(8)(a). Because Defendant Toney's application for a search warrant was based on Defendant Bostic's statement that he observed Plaintiff committing the retail theft, Plaintiff cannot show a lack of probable cause, much less that Toney's conduct was "reckless." As to the claim of the non-intentional tort of negligence, Defendant Toney is protected by governmental immunity under Michigan law. Governmental immunity applies to "each officer and employee of a governmental agency" where the officer "is acting or reasonably believes he or she is acting within the scope of his or her authority;" "is engaged in the exercise or discharge of a governmental function;" and, the "officer's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage." Mich. Comp. Laws § 691.1407(2). Because Defendant Toney's actions were not grossly negligent, he is entitled to governmental immunity.

Likewise, Plaintiff's claim of a civil conspiracy between Defendant Toney and the Walmart Defendants cannot be sustained. The elements of a civil conspiracy consist of (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means. *Mays v. Three Rivers Rubber Corp.*, 135 Mich.App. 42, 48, 352 N.W.2d 339 (1984); *Admiral Ins. Co. v. Columbia Casualty Ins. Co.*, 194 Mich.App. 300, 313, 486 N.W.2d 351 (1992). While Plaintiff seems to allege that Defendants acted together by using the receipt of stolen goods from the admitted January 5, 2016 theft to "frame" him for the January 3, 2016 incident, the inventory of goods stolen on January 3, differs significantly from the inventory of goods taken from the January 5 theft. *Compare Defendant Toney's Exhibit J* (ECF No. 36-10, PageID.344), *Defendant Toney's Exhibit E* (ECF No. 36-5, PageID.315). Plaintiff cannot plausibly establish that the inventory list pertaining to his January 5, 2016 retail theft was used to show that he committed the January 3, 2016 theft. Beyond mere speculation, Plaintiff cannot show that Defendant Toney and the Walmart Defendants acted in conspiracy. It is well settled that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient...." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir.1987); *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997)(something more than "personal belief" required to proof that the individual "is the victim of conspiracy").

**B. The Walmart Defendants' Motion for Summary Judgment [Docket #37]**

Walmart Defendants state as follows: On December 31, January 2, January 3, and January 5, 2016, Defendant Bostic, a Walmart Asset Protection Associate, viewed a CCTV video recording an individual of Plaintiff's description loading a cart with multiple bottles of liquor, walking toward the back room, then exiting the store through a fire exit. *Walmart*

*Defendants' Exhibit A, Defendant Bostic Affidavit,* ¶¶ 3-5 (ECF No. 37-1, PageID.441)(ECF No. 37-1, PageID.445, 447, 449, 451). In the early hours of January 5, 2016, Defendant Bostic contacted the Van Buren Township police and two officers were dispatched to the store for a retail fraud in progress. Plaintiff denied stealing the items but was placed under arrest for outstanding warrants. *Walmart Defendants' Exhibit B* (ECF No. 37-2, PageID.464, 470-471). The following day, one of the police officers involved in Plaintiff's January 5th arrest was dispatched to the store again in response to Defendant Bostic's report that the January 3, 2016 CCTV recording showed Plaintiff committing a retail fraud. *Walmart Defendants' Exhibit D, Defendant Toney's Answer to Plaintiff's First Set of Interrogatories* (ECF No. 37-4, PageID.491). Defendant Toney states further that he also reviewed the January 3, 2016 video that showed Plaintiff loading items into a cart and then proceeded through a back room through the fire exit with the stolen merchandise. *Id.*

### 1. Defendants Bostic and O'Neal are Not State Actors

As a threshold matter, the claims brought under § 1983 against the Walmart Defendants fail because they are not "state actors."

The Supreme Court has set forth a two-part test for "determining whether the actions of a private party causing the deprivation of a federal right are attributable to the state." *Phelps v. Dunn*, 965 F.2d 93, 102 (6th Cir.1992)(*citing Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). "First, the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible." *Phelps* at 102 (*citing Lugar* at 937, 102 S.Ct. at 2753). In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* An individual is deemed a state actor if "he is a state official, because he has acted together with or has obtained significant

aid from state officials, or because his conduct is otherwise chargeable to the state." *Id.*

Plaintiff cannot show that any of the Walmart Defendants are "state actors." *See Boykin, supra*, 479 F.3d at 451-452 (plaintiff, falsely accused of shoplifting, "fails to direct us to any authority from this Circuit for the proposition that a private security guard working for Meijers, who merely places a call to police that a suspected shoplifting has occurred, but in no way directly confronts the suspect, can be deemed a state actor for purposes of § 1983")(internal punctuation omitted). Likewise here, Plaintiff cannot show the individual Walmart Defendants did anything more than call the police and provide a report of the CCTV footage. As in *Boykin*, the Fourth Amendment claims against Walmart Defendants Bostic and O'Neal fail because they are not state actors.

### 2. Plaintiff Cannot Establish the State Claims of Malicious Prosecution, False Imprisonment, or False Arrest

Consistent with my analysis of the claims against Defendant Toney, Plaintiff's inability to show a lack of probable cause for his August, 2016 arrest defeats the state claims against the Walmart Defendants. As to the claim of malicious prosecution, the evidence does not suggest that Defendants Bostic or O'Neal played any part in the criminal prosecution of Plaintiff other than reporting the retail fraud. *Davis, supra,* 2020 WL 962304, at *3. Plaintiff's claim that the Walmart Defendants were responsible for his "false" arrest or imprisonment is defeated by the fact that probable cause existed for August, 2016 arrest. *See Tope, supra,* 179 Mich. App. at 105 (lack of probable cause showing required for false arrest claim); *McCune v. Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988)(plaintiff must show lack of probable cause to establish a claim of false imprisonment); *Matthews v. Blue Cross Blue Shield of Michigan*, 456 Mich. 365, 378, 572 N.W.2d 603 (1998).

### 3. Plaintiff Cannot Show Negligence or Civil Conspiracy by Walmart Defendants

To the extent that Plaintiff alleges that Walmart Defendants negligently breached a duty of care toward him, that claim should be dismissed. "To prevail on a premises liability negligence action under Michigan law, Plaintiff must prove the following elements: (1) the Defendant owed a duty; (2) the Defendant breached that duty; (3) an injury proximately resulted from that breach; and (4) the Plaintiff suffered damages." *Davis v. Wal-Mart Stores East, LP*, 2019 WL 6528219, at *2 (E.D.Mich., December 4, 2019)(Levy, J.)(*quoting Benton v. Dart Properties, Inc.*, 270 Mich. App. 437, 440 (2006)). Plaintiff provides no basis for his claim that Walmart or the Walmart Defendants collectively owed him a duty not to contact the police after reviewing CCTV footage showing that he had committed retail fraud.

Finally, for the reasons set forth in Section **A.3.**, Plaintiff cannot show "a concerted action" for "an unlawful purpose" or "lawful purpose by unlawful means" by Walmart Defendants with Defendant Toney. *See Mays*, *supra,* 135 Mich.App. 42, 48, 352 N.W.2d 339 (1984). In apparent support of the conspiracy allegation, Plaintiff alleges that Defendant Bostic lied to police by stating that he personally witnessed the January 3, 2016 retail fraud when in fact, Bostic was not working at the store on January 3, 2016. This allegation fails for multiple reasons. First, the allegation that Defendant Bostic lied to police undermines the claim that Defendant Toney "conspired" with Bostic for the purpose of falsely arresting Plaintiff. If anything, this allegation suggests that Toney was *not* part of a conspiracy but rather, the unwitting recipient of false information by Bostic. Second, the documents attached to the Complaint, with nothing more, defeat the claim that Defendant Bostic claimed to have witnessed the January 3 retail fraud in person. (ECF No. 1, PageID.12-13). While the police summary of Defendant Bostic's statement does not state explicitly that he "witnessed" the retail fraud via CCTV footage, the police summary (ECF No. 1, PageID.12)

references Defendant's Bostic's written statement to the police which states that Bostic observed Plaintiff via CCTV footage taking items from the sales floor without paying for them. (ECF No. 1, PageID.13)(ECF No. 1, PageID.16). Moreover, the investigation of the January 3, 2016 fraud occurred on January 6, 2016 - one day after Plaintiff was caught in the act of committing the acknowledged retail fraud. It stands to reason that Defendant Bostic contacted police on January 6, 2016 regarding the January 3, 2016 theft only after review CCTV footage for the days leading up to the January 5, 2016 arrest. Plaintiff's suggestion that Defendant Bostic claimed to police on January 6, 2016 that he a *personally* witnessed a retail fraud occurring on January 3, 2016 then waited three days to report it (despite an intervening arrest on January 5); or, that the police *believed* that Defendant Bostic witnessed the theft in person then waited three days before reporting it is unsupportable. The police reports and Defendant Bostic's statement indicate that Bostic did not review the CCTV tapes from January 3 until following the January 5 arrest. Thus, Plaintiff's claim that the Walmart Defendants conspired with Defendant Toney or alternatively, lied to police in an effort to frame Plaintiff is without record support.

## IV.  CONCLUSION

For these reasons, I recommend that Defendant Kenneth Toney's motion for summary judgment [Doc. #36] and Defendants Martez Bostic, Milton O'Neal, and Walmart Store Inc.'s motion for summary judgment [Doc. #37] both be GRANTED and that all Defendants be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc., and any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," *etc.*

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: March 5, 2020

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 5, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager