UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CALVIN HUNT,

    Plaintiff,

v.

                              Case No. 17-cv-14095
                              Hon. Matthew F. Leitman

WALMART STORE INC., *et al.*,

    Defendants.
_____/

## ORDER TO SUPPLEMENT AND CLARIFY THE RECORD

In this *pro se* action, Plaintiff William Calvin Hunt, a prisoner in the custody of the Michigan Department of Corrections, brings claims under 42 U.S.C. § 1983 and Michigan law arising out of his arrest and prosecution for a retail fraud that occurred on January 3, 2016 (the "January 3 Fraud"). (*See* Compl., ECF No. 1.) Hunt brings claims for, among other things, false arrest, unlawful imprisonment, and malicious prosecution in violation of the Fourth Amendment and state law. (*See id.*, PageID.1–2; *see also* R&R, ECF No. 59, PageID.813.)

The assigned Magistrate Judge has recommended that the Defendants be granted summary judgment on the above-described claims on the ground that Hunt failed to show a lack of probable cause for his arrest and prosecution. (*See* R&R, ECF No. 59, PageID.817–821, 824.) In support of this conclusion, the Magistrate Judge explained that "[a]n arrest pursuant to a facially valid warrant is normally a

1

complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983" (*Id.*, PageID.818; quoting *Vyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005)), and the Magistrate Judge highlighted that Hunt was arrested pursuant to "a facially valid criminal complaint." (*Id.*; citing January 3 Fraud Criminal Complaint, ECF No. 36-13, PageID.353–354.) On that basis, the Magistrate Judge found that Hunt's arrest and prosecution were necessarily supported by probable cause.[1]

The Magistrate Judge's reasoning appears to treat the criminal complaint against Hunt like an arrest warrant. More specifically, the Magistrate Judge's analysis appears to operate from the premise that a criminal complaint, like an arrest warrant, issues only after a judicial officer has found probable cause to believe that the suspect/defendant has committed a crime.

But it is not yet clear to the Court that a criminal complaint issues upon a showing of probable cause under Michigan law. Under Rule 6.101 of the Michigan Court Rules, a criminal complaint must (a) "include the substance of the accusation against the accused and the name and statutory citation of the offense," (b) be signed and verified, and (c) be approved by a prosecutor in writing (unless security for costs

---

[1] The Magistrate Judge's conclusion also rested upon his finding that the detective who sought the criminal complaint did not intentionally make any false statements or omissions in the application for the complaint. (*See* R&R, ECF No. 59, PageID.818–819.)

2

is filed with the court). The Michigan Court Rules do not say that a criminal complaint must be supported by probable cause. Instead, those rules say that a criminal complaint may be used to support the finding of probable cause necessary for the issuance of an arrest warrant. *See* MCR 6.102(a) ("A court must issue an arrest warrant, or a summons in accordance with MCR 6.103, if presented with a proper complaint and if the court finds probable cause to believe that the accused committed the alleged offense.").[2] Simply put, it is not clear that the Michigan Court Rules equate a criminal complaint and an arrest warrant.

In light of this, the Court cannot yet determine whether a criminal complaint under Michigan law should be treated like an arrest warrant for purposes of the rule that an arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant

---

[2] As the United States District Court for the Western District of Michigan has explained:

> A criminal prosecution in the state of Michigan typically commences with a complaint, "a written accusation that a named or described person has committed a specified offense." MICH. CT. R. 6.101(A). A proper complaint, in turn, can provide the basis for the court to find probable cause to support the issuance of an arrest warrant. MICH. CT. R. 6.102.

*Kirk v. Fenby*, No. 15-cv-682, 2017 WL 6391534, at *3 (W.D. Mich. Nov. 7, 2017), *report and recommendation adopted*, No. 15-cv-682, 2017 WL 6367935 (W.D. Mich. Dec. 13, 2017).

to § 1983. In order to properly consider the Magistrate Judge's reliance on that rule in this case, the Court needs additional information and perhaps additional argument from the parties. Accordingly, the Court **DIRECTS** Defendants to file supplemental briefing and supplement the record as follows:

- Defendants shall inform the Court whether, in addition to the criminal complaint, a separate arrest warrant was issued by the 34th District Court in connection with the January 3 Retail Fraud. If the 34th District Court issued a separate warrant for Hunt's arrest in connection with the January 3 Retail Fraud, Defendants shall file that warrant (and any materials submitted in support of the request for the warrant, including but not limited to an affidavit) with this Court. And, if the 34th District Court issued an arrest warrant in connection with the January 3 Retail Fraud based upon the criminal complaint (found at ECF No. 36-13), then the Defendants shall so inform the Court of that fact.

- If no separate arrest warrant was issued in connection with the January 3 Retail Fraud, Defendants shall inform the Court whether Defendants contend that the criminal complaint against Hunt was issued upon a judicial officer's finding of probable cause. If Defendants so contend, they shall submit evidence that such finding was made and legal authority to support the

contention that under Michigan law a criminal complaint issues only upon a finding of probable cause.

- If Defendants contend that the document identified as the criminal complaint in the record (*see* ECF No. 36-13) is actually (or also) an arrest warrant, they shall explain the basis of that contention.

- If Defendants contend that a criminal complaint under Michigan law has the same effect as an arrest warrant for purposes of the rule that a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983, Defendants shall present legal authority in support of that contention.

Defendants shall supplement the record by not later than **SEPTEMBER 11, 2020**. Hunt shall respond to Defendants' supplemental filing by no later than **OCTOBER 23, 2020** after Defendants submit their filing.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 27, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764
