UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CALVIN HUNT,

      Plaintiff,

v.

                                      Case No. 17-cv-14095
                                      Hon. Matthew F. Leitman

WALMART STORE INC., *et al.*,

      Defendants.

_____/

## ORDER (1) OVERRULING PLAINTIFF'S AMENDED OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 65), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 59), AND (3) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 36 & 37)

      In this *pro se* action, Plaintiff William Calvin Hunt, a prisoner in the custody of the Michigan Department of Corrections, brings claims arising out of his arrest and prosecution for retail fraud.  The assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommended that Defendants be granted summary judgment on all of Hunt's claims. (*See* R&R, ECF No. 59.)  For the reasons explained below, the Court agrees with the Magistrate Judge, **ADOPTS** the recommended disposition of the R&R, and **GRANTS** summary judgment in favor of Defendants.

# I

## A

In the early morning of January 5, 2016, Van Buren Township Police Officers Fey and Daugherty were dispatched to the Walmart store on 10562 Belleville Road in Belleville, Michigan, to respond to a reported retail fraud (the "January 5 Retail Fraud").[1] (*See* January 5 Fraud Police Report, ECF No. 36-4, PageID.303.) The officers were advised by their dispatcher that members of Walmart's staff were "watching two subjects inside the store who they believed were in the process of committing retail fraud." (*Id.*) The officers were further "advised that the two subjects had selected several items and filled up a cart which they left by a fire exit on the north side of the store." (*Id.*)

The officers arrived at the store and made contact with Hunt as he was leaving the store and entering a white Mitsubishi sedan parked outside. (*See id.*) According to the officers, they "asked Hunt where the merchandise in the shopping cart had

---

[1] There is some confusion in the record regarding the date of this incident. Both Hunt and Van Buren Township Police Officers have referred to this incident as occurring on January 6, 2016. (*See* Compl., ECF No. 1, PageID.2; January 3 Fraud Police Report, ECF No. 36-9, PageID.339.) But most of the documents in the record refer to this incident as occurring on January 5, 2016. (*See* January 5 Fraud Police Report, ECF No. 36-4, PageID.303; January 3 Fraud Police Report, ECF No. 36-9, PageID.339; January 5 Fraud Register of Actions, ECF No. 36-7, PageID.316.) Further, in the most recent set of filings, the parties refer to this incident as occurring on January 5, 2016. (*See* Toney Resp. to Am. Objections, ECF No. 63, PageID.856; Am. Objections, ECF No. 65, PageID.909.)

come from, or if he could produce a receipt for it." (*Id.*)  Hunt responded "that another person paid him to take the cart full of items from the fire door over to the white Mitsubishi sedan.  Hunt said that the cart was outside the store when he took possession of it and denied at any time taking merchandise he did not pay for." (*Id.*)  The officers ran a LEIN check on Hunt. (*See id.*)  The LEIN check revealed several outstanding warrants for Hunt, including a parole violation for shoplifting. (*See id.*, PageID.303–304.)  The officers arrested Hunt on the outstanding warrants. (*See id.*, PageID.304.)

After Officers Fey and Daugherty arrested Hunt, they obtained written statements and video surveillance footage from two Walmart "loss prevention" employees, Milton O'Neal and Martez Bostic. (*See id.*, PageID.304–305, 309; *see also* Compl., ECF No. 1, PageID.2.)  O'Neal and Bostic identified Hunt as one of the three subjects who was involved in the January 5 Retail Fraud. (*See* January 5 Retail Fraud Police Report, ECF No. 36-4, PageID.304.)   Bostic and O'Neal estimated that Hunt, along with two other suspects, had stolen approximately $2,351.59 in merchandise from the store. (*See id.*, PageID.306; Bostic & O'Neal Reports, ECF No. 36-2, PageID.293.)

Bostic also identified Hunt as one of the individuals who committed a similar retail fraud that occurred two days earlier on January 3, 2015 (the "January 3 Retail

Fraud"). (January 3 Retail Fraud Police Report, ECF No. 36-9, PageID.339; 1/3/16

Bostic & O'Neal Report, ECF No. 36-3, PageID.295.) According to Officer Fey:

> Bostic said that on January 3, 2016 at approximately
> 02:49hrs, he observed a male selecting several items of
> merchandise from the store (razors, Liquor, various
> electronics, and bags of chips) and place them into his cart.
> The male then met up with a female and the two subjects
> loaded all of the merchandise into large pink totes. The
> female then leaves the store through the front door while
> the male subject takes the merchandise to the back room,
> and leaves the store via a fire exit with the items and failing
> to offer payment for them.

(January 3 Retail Fraud Police Report, ECF No. 36-9, PageID.339.) Bostic

identified Hunt as the male subject who committed the January 3 Retail Fraud. (*See*

*id.*) Bostic estimated that Hunt and his co-conspirators had stolen approximately

$986.74 in merchandise on January 3. (*See id.*; 1/3/16 Bostic & O'Neal Report, ECF

No. 36-3, PageID.295.)

## B

Hunt was initially charged with first degree retail fraud for the January 5

Retail Fraud. He was not initially charged with any offense arising out of the January

Retail 3 Fraud. (*See* January 5 Fraud Register of Actions, ECF No. 36-7,

PageID.316.) He pleaded guilty to the charge related to the January 5 Retail Fraud

on February 26, 2016. (*See id.*) Hunt was sentenced to probation for that offense.

(*See id.*, PageID.316–317.)

4

**C**

On July 20, 2016, Detective Kenneth Toney of the Ban Buren Township
Police Department made a sworn application to the 34th District Court of the State
of Michigan for a criminal complaint against Hunt charging him with offenses
arising out of the January 3 Retail Fraud. (*See* Complaint, ECF No. 36-13,
PageID.353–354.)   That same day, a judicial officer issued a felony criminal
complaint charging Hunt with first degree retail fraud and being a habitual retail
fraud offender (the "January 3 Retail Fraud Complaint"). (*See id.*)

Detective Toney sought the January 3 Retail Fraud Complaint based upon his
review of (1) Officer Fey's and Daugherty's reports, which included Bostic's
identification of Hunt as one of the subjects who committed the January 3 Retail
Fraud; and (2) video surveillance of the January 3 Retail Fraud. (*See* January 3 Fraud
Police Report, ECF No. 36-9, PageID.340; Toney Interrog. Resps., ECF No. 37-4,
PageID.488, 491.)   According to Toney:

> I reviewed the Walmart surveillance footage of the
> January 3, 2016 retail fraud.  The video shows [Hunt]
> select several items of store merchandise (including but
> not limited to razors, liquor, electronics and bags of potato
> chips) and put them inside his cart along with other
> merchandise he already had in the cart.  [Hunt] is then
> observed meeting with a female suspect . . . in the soda
> aisle where they loaded all of the collected items into two
> pink tote bags.  [The female suspect] then left the building
> out the front door.  [Hunt], at the same time, made his way
> to the back room, looked around to make sure the "coast

> was clear," left out the fire exit and then walked to a
> nearby car where he loaded up the stolen merchandise.

(Toney Interrog. Resps., ECF No. 37-4, PageID.491.)

On July 22, 2016, Judge David Parrot of the 34th District Court issued a warrant to arrest Hunt for the charges lodged against him in the January 3 Retail Fraud Complaint (the "January 3 Retail Fraud Warrant"). (*See* Warrant, ECF No. 67-6, PageId.943-44.)   On the face of the warrant, Judge Parrot found "probable cause to believe" that Hunt had committed the January 3 Retail Fraud. (*Id.*, PageId.944.)   Judge Parrot based that finding on the sworn statements of Detective Toney, the complaining witness in the case. (*See id*.)

### D

On August 23, 2016, Hunt was arrested on the January 3 Retail Fraud Warrant. (*See* January 3 Fraud Police Report, ECF No. 36-9, PageID.340.)   Roughly four months later, the charges regarding the January 3 Retail Fraud were dismissed. (*See* January 3 Retail Fraud Register of Actions, ECF No. 36-14, PageID.356.) According to Hunt, the charges were dismissed because the "the judge said something to effect that yeah, you need to go get some different paperwork. . . He told the prosecutor, you need to go get some different paperwork.   This is

not . . . going to be a charge."[2] (Hunt Dep. at 92:15–24, ECF No. 36-18, PageID.396.)

## II

Hunt filed this action on December 19, 2017. (*See* Compl, ECF No. 1.)  Hunt names Toney, Bostic, O'Neal, and Walmart Stores, Inc., as defendants.[3]  He brings claims under 42 U.S.C. § 1983 and Michigan law regarding his arrest for the January 3 Retail Fraud (and does not bring any claims related to the January 5 Retail Fraud). (*See id.*, PageID.1–2.)  Hunt's federal claims appear to be for false arrest, unlawful imprisonment, and malicious prosecution in violation of the Fourth Amendment. (*See id.*)  His state claims appear to be for false arrest, unlawful imprisonment, gross negligence, negligence, and civil conspiracy. (*See id.*; *see also* R&R, ECF No. 59, PageID.813.)

Toney and the Walmart Defendants separately moved for summary judgment on August 1, 2019. (*See* Toney Mot. for Summ. J., ECF No. 36; Walmart Defs.' Mot. for Summ. J., ECF No. 37.)  After full briefing, the Magistrate Judge issued an R&R in which he recommended that the Court grant Defendants' motions for

---

[2] Toney suggests that Hunt's case regarding the January 3 Fraud was dismissed because Hunt was already incarcerated for a retail fraud he committed on September 23, 2016. (*See* Toney Mot. for Summ. J., ECF No. 36, PageID.245; *see also* Hunt MDOC Profile, ECF No. 36-15, PageID.358.)

[3] The Court refers to Defendants Bostic, O'Neal, and Walmart Stores, Inc., collectively as the "Walmart Defendants."

summary judgment and dismiss Hunt's claims against all Defendants with prejudice. (*See* R&R, ECF No. 59.)  The Magistrate Judge's reasoning is summarized as follows:

- Toney is entitled to summary judgment on Hunt's Fourth Amendment claims of false arrest, unlawful imprisonment, and malicious prosecution because Hunt did not "show a lack of probable cause" to arrest and charge him (Hunt) for the January 3 Retail Fraud.[4] (*Id.*, PageID.817–820.)

- Toney is similarly entitled to summary judgment on Hunt's state claims of false arrest, unlawful imprisonment, and malicious prosecution because Hunt did not "show a lack of probable cause" to arrest and charge him (Hunt) for the January 3 Retail Fraud. (*Id.*, PageID.820–821.)

---

[4] The Magistrate Judge also determined that Hunt's federal claims against Toney were barred by qualified immunity. (*See* R&R, ECF No. 59, PageID.820.)  "In determining whether . . . government officials . . . are entitled to qualified immunity, we ask two questions: First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff . . . shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Phillips v. Roane Cnty.*, 534 F.3d 531, 53839 (6th Cir. 2008).  Because the Magistrate Judge concluded that Toney had probable cause to arrest Hunt, and thus Toney did not violate Hunt's constitutional rights, the Magistrate Judge did reach "whether Defendant Toney's actions were reasonable or whether the right in question was 'clearly established.'" (R&R, ECF No. 59, PageID.820; quoting *Dunigan v. Noble*, 390 F.3d 486, 495 (6th Cir. 2004).)

- Toney is entitled to summary judgment on Hunt's state claims because Toney is protected by governmental immunity under Michigan law. (*See id.*, PageID.821; citing Mich. Comp. Laws § 691.1407.)

- Toney is entitled to summary judgment on Hunt's civil conspiracy claim because Hunt both failed to plead and to present sufficient evidence "that Defendant Toney and the Walmart Defendants acted in conspiracy." (*Id.*, PageID.822, 825-26.)

- The Walmart Defendants are entitled to summary judgment on Hunt's federal claims "because they are not 'state actors.'" (*Id.*, PageID.823–824.)

- The Walmart Defendants are entitled to summary judgment on Hunt's state claims for false arrest, unlawful imprisonment, and malicious prosecution because (1) Bostic and O'Neal did not "play any part in the criminal prosecution of Plaintiff other than reporting the retail fraud," and (2) the Walmart Defendants were not responsible for a "false" arrest or imprisonment of Hunt because probable cause existed to arrest Hunt for the January 3 Retail Fraud. (*Id.*, PageID.824.)

- The Walmart Defendants are entitled to summary judgment on Hunt's negligence claim because Hunt "provides no basis for his claim that Walmart or the Walmart Defendants collectively owed him a duty not

to contact the police after reviewing CCTV footage showing that he had committed retail fraud." (*Id.*, PageID.825.)

- The Walmart Defendants are entitled to summary judgment on Hunt's civil conspiracy claim because Hunt's "claim that the Walmart Defendants conspired with Defendant Toney or alternatively, lied to police in an effort to frame Plaintiff is without record support." (*Id.*, PageID.825–826.)

At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of his recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.826–827.)

Hunt objected to the R&R in a letter dated March 29, 2020. (*See* Objections, ECF No. 61.)  These objections (in handwriting) were difficult to read, difficult to understand in part, and apparently incomplete.  At the end of the objections, Hunt requested an extension of time to file an amended version of his objections. (*See id.*, PageID.837.)  On May 11, 2020, the Court granted Hunt's request for a time extension. (*See* Order Granting Time Extension, ECF No. 62.)  In the Court's Order, the Court directed Hunt to explain why he believed the recommended disposition of the R&R was incorrect:

> The Court instructs Hunt to use this opportunity to explain why he believes that the Magistrate Judge's R & R was incorrect.  More specifically, the Court instructs Hunt to explain how (a) the warrant signed by Detective Toney

was not supported by probable cause, and (b) the Wal-
Mart Defendants were state actors and/or otherwise
violated state or federal law.

(*Id.*, PageID.840.)  The Court instructed Hunt to file his amended objections by no

later than July 10, 2020. (*See id.*, PageID.841.)

Hunt timely filed his Amended Objections to the R&R.[5] (*See* Am. Objections,

ECF No. 65.)  Hunt's Amended Objections, like his original objections, are in part

difficult to read and to follow, and they do not address many portions of the R&R.

The main thrust of Hunt's Amended Objections is that there was no probable cause

to arrest him for the January 3 Retail Fraud. (*See* Am. Objections, ECF No. 65,

PageID.907.)  Hunt also requested an attorney to represent him. (*See id.*)

### III

### A

Where a party objects to a portion of a Magistrate Judge's report and

recommendation, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P.

72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

The Court has no duty to conduct an independent review of the portions of the report

and recommendation to which a party has not objected. *See Thomas v. Arn*, 474 U.S.

140, 149 (1985).

---

[5] Due to delays in processing of *pro se* mail, Hunt's Amended Objections were not
entered onto the Court's docket until August 12, 2020.

**B**

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326–27 (6th Cir. 2013) (citing Fed. R. Civ. P. 56(a)).  When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* (quoting *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.  Indeed, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Id.* at 255.

**IV**

**A**

The Court starts with Hunt's claims against Detective Toney.

As noted above, the Magistrate Judge concluded that Toney is entitled to summary judgment on Hunt's state and federal false arrest, unlawful imprisonment, and malicious prosecution claims because (1) a lack of probable cause is an essential

element of all of those claims and (2) Hunt did not show a lack of probable cause to arrest him for, and/or charge him with, the January 3 Fraud. (*See* R&R, ECF No. 59, PageID.817–821.)   The Magistrate Judge correctly recognized that "[a]n arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." (*Id.*, PageID.818; quoting *Vyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).)   He also properly recognized that the same rule applies under Michigan law.[6] (*Id.* at PageID.820.)   The Magistrate Judge further explained that "the arrest warrant does not serve as a complete defense in the instance that 'a defendant intentionally misle[]d or intentionally omitted information at a probable cause hearing for an arrest or a search warrant, provided that the misleading or omitted information is critical to the finding of probable cause." (*Id.*; quoting *Vyticky*, 412 F.3d at 677 n.4.)   The Magistrate Judge determined that Hunt's arrest was supported by probable cause because (1) the arrest was based upon the January 3 Retail Fraud Complaint – which the Magistrate Judge treated as the equivalent of an arrest warrant – and (2) Hunt failed to provide "evidence to show that Defendant

---

[6] *See, e.g.*, *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351, 362 (Mich. Ct. App. 2003) ("To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, i.e., the arrest was not based on probable cause.")

Toney misle[]d or omitted information" in seeking the Complaint. (*Id.*, PageID.818–819.)

Hunt's Amended Objections do not address this determination by the Magistrate Judge. He does not explain why the January 3 Retail Fraud Complaint fails to establish probable cause for his arrest. And he does not contend that Toney intentionally or recklessly made any omissions or misstatements in his request for the Complaint. Instead, Hunt argues that there was no probable cause for his arrest because Bostic mistakenly identified him to Officers Fey and Daugherty. (*See* Am. Objections, ECF No. 65, PageID.907-09.) This argument fails to show any error in the Magistrate Judge's analysis or conclusion.

While Hunt's Amended Objections did not demonstrate any flaw in the Magistrate Judge analysis, the Court detected what appears to have been an error – albeit not one that undermines the correctness of the Magistrate Judge's conclusions. As noted above, the Magistrate Judge treated the January 3 Retail Fraud Complaint as the equivalent of an arrest warrant and operated on the assumption that the Complaint was supported by a judicial finding of probable cause. That appears to have been a mistake. The Michigan Court Rules do not appear to require that a criminal complaint rest upon a finding of probable cause. *See* Michigan Court Rule 6.101.

But it ultimately does not matter whether the January 3 Retail Fraud Complaint rested upon a finding of probable cause because Hunt was arrested pursuant to the January 3 Retail Fraud Arrest Warrant, and that warrant was expressly supported by a judicial finding that there was probable cause to believe that Hunt committed the crime. (*See* Warrant, ECF No. 67-6, PageID.944) Moreover, Hunt has not presented any evidence that Toney intentionally or recklessly made any false statements or omissions in seeking the January 3 Retail Fraud Arrest Warrant.[7]  Under these circumstances, Hunt has not shown that there was a lack of probable cause for his arrest and/or for the charges against him.  Thus, Toney is entitled to summary judgment on Hunt's state and federal false arrest, unlawful imprisonment, and malicious prosecution claims.

As described above, the Magistrate Judge also determined that Toney was entitled to summary judgment on Hunt's gross negligence claim because Hunt failed to show that Toney was not entitled to state-law immunity. (*See* R&R, ECF No. 59, PageID.821.)  And the Magistrate Judge concluded that Hunt's civil conspiracy claim failed as a matter of law because Hunt failed to plausibly show that Toney and the Walmart Defendants acted in conspiracy. (*See id.*, PageID.822.)  Hunt failed to

---

[7] The Defendants submitted the January 3 Retail Fraud Arrest Warrant to the Court on September 3, 2020. (*See* ECF No. 67-6.)  The Court gave Hunt an opportunity to respond to the Court's focus on the warrant. (*See* Order, ECF No. 66.)

object to these portions of the R&R.  Accordingly, the Court adopts the Magistrate Judge's recommended disposition with respect to these claims against Toney.

In sum, the Court adopts the Magistrate Judge's recommended disposition with respect to all of Hunt's claims against Toney (*see id.*, PageID.817–822), and the Court will grant Toney's Motion for Summary Judgment (ECF No. 36).

### B

Next, the Court turns to Hunt's claims against the Walmart Defendants.  First, as described above, the Magistrate Judge concluded that the Walmart Defendants are entitled to summary judgment on Hunt's federal claims because Hunt failed to show they were state actors. (*See* R&R, ECF No. 59, PageID.823–824.)  Hunt did not address this issue in his Amended Objections, and thus he has waived further review of the issue.  Accordingly, the Court will adopt the R&R with respect to Hunt's federal claims against the Walmart Defendants.

Second, the Magistrate Judge concluded that Hunt's state claim against the Walmart Defendants for malicious prosecution failed as a matter of law because "the evidence does not suggest that Defendants Bostic or O'Neal played any part in the criminal prosecution of Plaintiff other than reporting the retail fraud." (*Id.*, PageID.824.)  Hunt did not address this issue in his Amended Objections, and thus he has waived further review.  Accordingly, the Court will adopt this portion of the R&R.

Third, the Magistrate Judge ruled that Hunt's state claims against the Walmart Defendants for false arrest and false imprisonment failed as a matter of law because Hunt did not show a lack of probable cause to arrest him for the January 3 Fraud. (*See id.*)  For all the reasons explained above, this conclusion was correct.  Moreover, Hunt does not allege that the Walmart Defendants arrested or imprisoned him. Rather, Hunt appears to claim that the Walmart Defendants are liable because they participated in a civil conspiracy to arrest and imprison him by framing him for the January 3 Fraud.  (*See* Am. Objections, ECF No. 65, PageID.909–910.)  But the Magistrate Judge correctly found that Hunt failed to present any evidence of a conspiracy between O'Neal, Bostic, and Toney.  (*See* R&R, ECF No. 59, PageID.822, 825–826.)  Accordingly, the Court adopts the Magistrate Judge's conclusion that the Walmart Defendants are entitled to summary judgment on his state law false arrest and false imprisonment claims.

Finally, the Magistrate Judge concluded that Hunt's negligence claim against the Walmart Defendants fails because he has not shown that the Walmart Defendants "negligently breached a duty of care toward him." (*Id.*, PageID.825.)  Hunt did not object to this portion of the R&R.  Accordingly, the Court adopts the Magistrate Judge's conclusion that the Walmart Defendants are entitled to summary judgment on Hunt's negligence claim.

In sum, the Court adopts the Magistrate Judge's R&R with respect to all of Hunt's claims against the Walmart Defendants (*see id.*, PageID.822–826), and the Court will grant the Walmart Defendants' Motion for Summary Judgment (ECF No. 37).

## C

Last, the Court turns to Hunt's request for counsel. (*See* Am. Objections, ECF No. 65, PageID.907.)   Hunt's request for counsel appeared in the title of his Amended Objections, but he did not further explain why he believes he is entitled to counsel to represent him in this action.   "Appointment of counsel is appropriate in 'exceptional circumstances,' a determination which involves consideration of the 'complexity of the factual and legal issues involved' and an examination of 'the type of case and the abilities of the plaintiff to represent himself.'" *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005) (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)).   After reviewing Hunt's case, the Court does not believe that exceptional circumstances warrant the appointment of counsel.   Accordingly, the Court will deny Hunt's request for counsel.

## V

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that:

- Hunt's Amended Objections to the R&R (ECF No. 65) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 59) is **ADOPTED**; and

- Defendants' Motions for Summary Judgment (ECF Nos. 36 & 37) are **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764